## Estate of George W. Smith, deceased. Darwin C. Smith's Appeal.

*Decedents' estates—Sale of real estate—Abuse of discretion.*

It is an abuse of discretion on the part of the orphans' court to confirm a sale of decedent's real estate where the exercise of the power to confirm has been based on no established fact or recognized principle.

A testator by his will executed twelve years before his death gave a farm to his son W., and a house and lot to his son D. In the will testator

stated·that he did not desire that his debt to W. should be paid out of D.'s lot, as the farm given to W. was more valuable than the lot. By a codicil executed eleven years later he charged on the lot given to D. whatever debts were not paid out of his personalty. After testator's death it turned out that his personalty, amounting to less than $300, was taken by the widow, and if his debts were paid out of the lot there would be left a very small amount to D. W. was appointed executor of the will. Some months after testator's death D. instituted proceedings to contest the codicil. Shortly after these proceedings were begun, and eight months after testator's death, W., as executor, procured an order of sale of D.'s lot, and subsequently sold it. The orphans' court confirmed the sale. *Held,* (1) that the orphans' court had no right to decide that the codicil was valid, in the proceedings relating to the sale; (2) that the action of the orphans' court in passing upon the validity of the codicil before the issue devisavit vel non was decided, and in confirming the sale, was an abuse of the discretion of the court; (3) that the decree of the orphans' court should be reversed.

Argued May 26, 1896. Appeal, No. 338, Jan. T., 1896, by Darwin C. Smith, from decree of O. C. Juniata Co., confirming sale of real estate. Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ. Reversed.

Petition for sale of decedent's real estate. Before BAILEY, P. J., of the 20th judicial district, specially presiding.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was decree of the orphans' court.

*J. Howard Neely,* with him *D. W. Woods & Son* and *B. F. Burchfield,* for appellant.—In case of a deficiency of the personal estate, all pecuniary legacies abate pro rata unless a clear intent to the contrary appear on the face of the will: Linnards' Estate, 8 W. N. C. 77; Pennsylvania Co.'s App., 109 Pa. 479; Ingersoll's Estate, 36 W. N. C. 249; Act of February 24, 1834, sec. 48, P. L. 82.

Where there is a deficiency of personal estate for the payment of debts, a demonstrative legacy charged on land devised is liable to pay pro rata with devise: Grim's App., 89 Pa. 333; Knecht's App., 71 Pa. 333; Snyder's App., 75 Pa. 191; Loomis' App., 10 Pa. 387; Armstrong's App., 63 Pa. 312; Teas' App., 23 Pa. 223.

In marshaling the real estate, the court is to be guided by

the rules prevailing in equity, as between the devisees each must bear its own burden, and that there is no right to call upon one more than another for payment, where the devisees are volunteers: Wisden v. Wisden, 5 Jur. N. S. 455; Kirk's Est., 8 W. N. C. 107; Heath v. Denny, 1 Russ. Chan. C. 543; Burridge v. Bradyl, 1 P. Wms. 127; Blower v. Morret, 2 Ves. 420; Earp's Will, 1 Parsons, 452; Walker v. Dunshee, 38 Pa. 430; Steffy's App., 76 Pa. 94; McDaniel's Est., 47 L. I. 534; Bright's App., 100 Pa. 606; Young's Est., 32 Pa. 403; Harper's App., 111 Pa. 243; Taylor's Est., 4 Dist. Rep. 477; Newman's App., 35 Pa. 339; University's App., 97 Pa. 187; Act of March 29, 1832, P. L. 198; Act of February 24, 1834, P. L. 70.

The widow and heirs may be heard before the confirmation of the sale: Weaver's App., 19 Pa. 416; Walls' App., 31 Pa. 62; Stiver's App., 56 Pa. 9; Morgan's App., 110 Pa. 271; Deninig's App., 43 Pa. 155; Leshey v. Gardner, 3. W. & S. 314; Erb v. Erb, 9 W. & S. 147; Biggert's App., 8 Harris, 17; Greenough v. Small, 137 Pa. 128; De Haven's App., 106 Pa. 612.

Whenever a mortgage of the land will accomplish the end in view, it is always preferable to an absolute sale: Eddy's Est., 12 Phila. 118.

In the present case there is no power to confirm the sale because of the undetermined question upon the codicil: Guier v. Kelly, 2 Binn. 294; Morris v. McConnaughy, 2 Dall. 189; Kirk's Est., 8 W. N. C. 107.

*Lewis E. Atkinson,* of *Atkinson & Pennell,* for appellee.—The legal reasons for granting the order of sale are ample: Kenyon v. Stewart, 44 Pa. 188; Broe v. Boyle, 108 Pa. 82; Loy v. Kennedy, 1 W. & S. 396; Rhoad's Est., 3 Rawle, 420; Armstrong's App., 63 Pa. 312.

The discretion of the orphans' court was properly exercised: Stiver's App., 56 Pa. 9; Beeson v. Beeson, 9 Pa. 294; Wall's App., 31 Pa. 62; Fitzsimmon's App., 40 Pa. 422; Frey's App., 8 Atl. Rep. 385; Bower's App., 84 Pa. 311; Gamble v. Woods, 53 Pa. 160; Neeld's App., 70 Pa. 113.

OPINION BY MR. JUSTICE DEAN, July 15, 1896:

On May 31, 1895, George W. Smith, of the borough of Mifflintown, died, leaving a will dated January 11, 1883, to which

was a codicil executed April 20, 1894.  At both dates he was
the owner of a valuable farm of ninety acres in Delaware town-
ship, also of a house and lot in Mifflintown; he was also the
owner of some personal property, and was indebted about $1,200.
By the will, he devised the farm to his son William, and the
house and lot to his son Darwin C.  To his widow, he be-
queathed property or cash to the amount of $300, in lieu of her
exemption, and the interest of one third of his real estate annu-
ally.  Afterwards, by the codicil, he charged whatever debts
were not paid out of his personalty on the house and lot, and
cut down the devise to Darwin to a life estate with remainder
to his children.

After his death, it turned out the bequest of $300 to the
widow wholly exhausted the personalty, leaving the entire
amount of indebtedness a charge on the devise to Darwin and
his children, and if payment be enforced it is doubtful if any-
thing over $500 would be left for father and children.

Thus, without the codicil, the whole of the real estate, farm
and lot are answerable for the debts, but with it the lot alone.

This was the situation on November 9, 1895, when Darwin
entered an appeal in the office of register of wills, from the
decree of the register admitting the codicil to probate, and
December 2, following, he presented his petition to the or-
phans' court, averring the making of the codicil was procured
by fraud and undue influence on the part of William, who by
reason of it became almost the sole beneficiary under the will.
On this, the court awarded a citation to William, devisee and
sole executor, to appear and show cause why an issue devisavit
vel non should not be directed, and on December 17, 1895, the
court appointed an examiner to take testimony.  On the same
day, William, as executor, presented his petition for an order to
sell the house and lot for payment of debts, and an order of sale
was immediately made as prayed for.  On December 31 fol-
lowing, Darwin presented his petition to Judge Lyons at Cham-
bers, setting forth the facts, and averring great injustice would
result to him from a sale of the property before the event of the
appeal to determine the validity of the codicil, and praying that
proceedings to sell be stayed until a judgment was had on the
appeal.  This prayer the same day the judge refused.  The exec-
utor proceeded with the sale, and on the 29th of January, 1896,

sold the house and lot for $1,725 at public sale. Of this sale, he made return to the court on 9th of March following, and asked that it be confirmed. Darwin C. filed exceptions to the confirmation, setting out the facts and that great injustice would be done him by confirmation before the determination of the appeal. The court, after hearing, dismissed the exceptions and confirmed the sale, and from that decree we have this appeal by Darwin C. Smith, assigning for error the dismissal of exceptions to confirmation of sale.

The power of the orphans' court over proceedings by either executor or administrator to sell lands of a decedent for payment of debts cannot be doubted; nor do we think the time will ever come when that court will be powerless to spur the indolent officer to promptness, or to stay and control the hand of the reckless and arbitrary one. While the act of 1834 directs that the officer shall proceed without delay to sell or mortgage the lands of a decedent for payment of his debts, where the personal property is insufficient, these words are to have a reasonable construction. The 20th section of the act expressly says, the officer shall sell "under the direction of the orphans' court." By its decree, that court has, in effect, decided the codicil valid before the question was properly before it. Excluding the codicil, and taking the writing made ten years before as the will, the debts are not charged specifically upon any portion of the land. In that writing, the testator himself says he does not wish the house and lot of Darwin to be charged with any portion of his indebtedness to William, for the farm he has given to William is more valuable than the house and lot given to Darwin. We here have under this first expression of his intention, not only no specific charge upon Darwin's property, but the desire to relieve it from the burden of debts, because less valuable than that given his brother.

What effect this would have on the mind of the court, were it called upon to direct a sale or mortgage of any part or all of the real estate, after a final judgment setting aside the codicil, if that be the event, we do not know, nor can the court below know until that question is before it. It cannot exercise a legal discretion now, because the facts on which the discretion must be based are unknown, and cannot be known until the final determination of the appeal. Nor is there before us a single fact

to justify the hurried sale of Darwin's property.   In less than four months from the testator's death, the executor and devisee of the farm sought to mortgage the lot for payment of debts; failing in this, within four months more, he obtained the order of sale, and with what looks very like unseemly haste sold it. We say unseemly, because it periled his brother's interests and enhanced his own, when no creditor could have been endangered by reasonable delay.

It is argued by appellee, that in making the order for and confirming the sale, the court but exercised a discretion which is not reviewable in a court of error, except for a plain abuse of that discretion.   Ordering and confirming the sale of Darwin's lot for the payment of debts, for only a small part of which it might, after the judgment on the appeal, be held liable, was either a mistaken exercise of power, or an abuse of discretion; if the court supposed it could make Darwin whole out of William's farm, for any loss sustained by the hurried sale, it was without power to make the order, for no court has the power to direct the sale of one man's property to pay another's debt, merely because the wronged party may thereafter have a vexatious remedy against some other who ought to have paid in the first instance.   The question of contribution between the brothers, as we have seen, could not be decided at that time, because the material facts were impossible of ascertainment.

If the court merely assumed Darwin would lose his case on the appeal, then the decree was an arbitrary exercise of power which is an abuse of discretion.   In either view, the decree is not sustainable, for, in either, what appellee seems to term discretion, is mere despotism; the exercise of power by one in authority, without basing the exercise of it on established fact or recognized principle.

The decree is reversed and set aside at costs of appellee.